O’NIELL, C. J.
 

 This is a suit to annul an assessment levied on the plaintiffs’ lots, by the town of Cedar Grove, to pay for the pavement of Southern avenue, on which the lots front. Answering the suit, the municipality prayed that the plaintiffs’ demand should be rejected and that the municipality should have judgment against each plaintiff for the amount of his or her assessment, with interest and attorneys’ fees, and with recognition of the lien on each lot. There was judgment for the defendant, allowing the re-
 
 *711
 
 conventional demand against each of the original plaintiffs. They have appealed from the judgment.
 

 By ordinances, regularly adopted and promulgated, the municipal council provided for the paving of Southern avenue from Sixtieth street to Seventy-Fourth street, a distance of fourteen blocks, according to plans and specifications on file in the office of the city engineer. The plans and specifications did not provide for the paving of the whole width of the avenue, but only for the paving of a width of 9 feet, with a combination curb and gutter, on each side of the avenue, leaving an unpaved space 18 feet wide in the center of the avenue. The contract was let to the lowest responsible bidder, and was done according to the plans and specifications, leaving unpaved the space 18 feet wide in the center of the avenue.
 

 The Shreveport Railways Company operates a street car line on Southern avenue, connecting the town of Cedar Grove with the city of Shreveport. The railways company obtained its right of way from the police jury of the parish of Caddo before the town of Cedar Grove was incorporated. The right of way is described as having a width of 18 feet in the middle of the avenue, and is therefore the space that was left unpaved when this suit was filed. The railways company has now only a single track, which is just inside of the western boundary of its right of way.
 

 The complaint of the plaintiffs in this suit-was that the paving of the avenue was an unfinished job, and dangerous to traffic, because of the uneven dirt space that was left in the middle of the avenue. The plaintiffs averred that apparently the municipal authorities intended to leave the paving of the avenue in that unfinished condition, and that they (the plaintiffs) had made repeated demands upon the authorities to complete the work.
 

 It appears that the municipality acted under authority of Act 10 of 1896, and its amendments (Act No. 241 of 1912 and Act No. 210 of 1914) authorizing municipalities to assess the abutting property owners for two-thirds of the cost of paving a street, and to pay one-third with the municipal revenues. The second section of the statute (as amended by Act 210 of 1914, § 2) provides that, if a railway occupies a part of a street that is to be paved under authority of the statute, the railway company shall pay in proportion to the space occupied by-its roadbed, as compared with the whole width of the street, and that, if the space occupied by the railroad track is to be paved with a different material, all the cost of paving that space shall be borne by the railway company, and the cost of paving the remaining space by the municipality and the abutting property owners in the proportion of one-third by the former and two-thirds by the latter.
 

 It is said in the .brief filed by the counsel for the defendant and appellee that, after this appeal was taken, the municipal authorities and the railways company entered into an agreement by which the railways company paid the whole cost of filling in with suitable pavement the space 18 feet wide that was left, unpaved under the orig-' inal contract. It is said that the work has been completed, and that, in another suit, filed by these plaintiffs against this defendant, after the appeal was taken in this case, a judgment was rendered in favor of the town and against the plaintiffs, recognizing and affirming the authority of the town to make the arrangement with the railways company, and that the judgment was not appealed from and is now final.
 

 If the paving of the avenue has been completed at the expense of the railways company, as alleged, the plaintiffs have" now no cause to complain. Even though the apportionment of the total cost of the paving of the
 
 *713
 
 avenue may have been not strictly in accord with the provisions of the statute, the plaintiffs have no right to complain if the departure from the letter of the law did not impose any additional cost upon them and was not detrimental to them. We have concluded, therefore, to remand the case to the district court for proof of the present condition of the paving of Southern avenue, and to show how the cost of the work was apportioned. Either party shall have the right to introduce any new or additional evidence that may be deemed relevant; the idea being that the district court shall dispose of this case according to the present condition of affairs.-
 

 This case is ordered remanded to the district court to be reopened for the admission of evidence in regard to the present condition of the paving of Southern avenue, and the apportionment that was made of the cost of the work, and for further proceedings consistent with the foregoing opinion; • and for that purpose the judgment appealed from is set -aside.